M.D. in his capacity as Chairman of the Committee on Health, Education, Labor and Pensions at the United States Senate et al. Mr. Schaffer, the Appellant, Ms. Rivera, the Avalise. Mr. Schaffer, good morning. Good morning, Your Honors, and may it please the Court. At issue in this appeal is a sweeping ruling that immunizes governmental misconduct so long as it occurs under authority. of a valid investigation. That ruling, in our respectful view, defies precedent, invites abuse, and ousts the judiciary from playing its proper role in deciding important constitutional questions. Notably, Your Honors, this case was dismissed at the pleading stage, when Dr. de la Torre's allegations must be credited and all reasonable inferences drawn in his favor. As alleged in detail, the defendant's actions that are challenged serve no legislative function because they could not yield any information in furtherance of an investigation. Instead, these actions serve solely to chill and punish Dr. de la Torre's exercise of his Fifth Amendment rights following a valid invocation. Nevertheless, the District Court held that absolute immunity necessarily attaches under the Speech and Debate Clause such that it lacks jurisdiction at the threshold. If this Court affirms, it will be closing the courthouse doors to plaintiffs complaining against even the most flagrant congressional trespasses on constitutional rights. Indeed, Your Honors, such reasoning and result, the same reasoning and result would follow even if the committee were avowedly punishing Dr. de la Torre for his conceitedly valid invocation of his Fifth Amendment rights in response to specific questions at the hearing. If you read the District Court's decision, Your Honors, the key portion of it, and ask yourself the question, would the investigation still be valid? Would the immunity still attach even if Dr. de la Torre had live been invoking his Fifth Amendment rights to resist answers upon which Congress was insisting every aspect of the District Court's reasoning and result would hold, there would still be absolute speech and debate immunity. That, Your Honors, I think is a problematic result that is contrary to constitutional law and to precedent. And all we respectfully – I don't understand it. Yes, Judge Millett. I mean, people get called before Congress. They invoke the Fifth Amendment. They show up. They answer what questions they can. They invoke the Fifth Amendment. And senators or representatives, whatever happens to be in the case, get to keep asking questions. I don't understand your argument. I don't understand how it's not controlled by Eastland. And I don't understand what your point is. Your client didn't show up, asserted a blanket Fifth Amendment, which is not how this works, and says, yeah, if you didn't like the questions that person asks, that's what speech or debate is. It's really hard to say that a representative or senator in this case sitting in a committee room asking a witness tough questions, even insulting questions, is not in the heart of the speech and debate clause. I don't understand. How do you start with – there was a lot. Sorry. That's my gestalt one. But how do you get out of Eastland? Constitutional rights asserted? Let me start with the last part of it, which is we're not challenging the questions posed to Dr. Delacorte. He never showed up. Or the statements that were made at his expense to suggest criminality and to suggest that there needed to be a reckoning. We're not suggesting that that is in and of itself what occasions a lawsuit. What we're challenging is the issuance of a resolution, the issuance of a subpoena, official actions that came out of the committee and are serving to chill and penalize the Fifth Amendment right. And that, Your Honor, we think is absolutely reviewable. I don't know how it's chilling it. He's still asserted it. He hasn't said, oh, I'm scared now. Can I come back and testify? I think it's a lesson for Dr. Delatore and for other potential witnesses who are in his position that if you're invoking your Fifth Amendment right, you can be paying the price of civil criminal contempt. If you invoke it as a blanket and don't show up. But Judge Millett, let's start with the district court's decision that's under review. The district court's decision is articulated in terms that would attach respectfully if in terms of whether there's a valid. This is some sort of facial challenge where we're deciding the case in front of us where he didn't show up and asserted blanket Fifth Amendment immunity. And your argument has been there was a valid legislative purpose on a subject matter within the committee's bailiwick. All of that was true. You don't dispute it. Somehow that legislative purpose evaporated as soon as he invoked the Fifth Amendment on a blanket level. I think I would I would offer a friendly amendment to the argument. I hope the amendment being we're not saying that it is necessarily the case that any witness who invokes the Fifth Amendment has to be credited with that. We are saying on these facts where the committee was alleging criminality on the part of Dr. Delatory, when there were actual criminal investigations that have been publicly reported, when the subject matter of the hearing and ostensibly every question that would be posed to him would lead to the same Fifth Amendment invocation. And Judge Millett, where the other side's not denying one, they are denying that. They're definitely saying you have to show up and invoke it in response to specific questions. And we think there may be some questions you can answer. I would go still further. They're not denying that even if Congress had no intention to pose any question, that would not necessarily lead to the same Fifth Amendment invocation. And even if Congress were insisting not just on appearance, but insisting on answers, Congress would still have absolute speech and debate. Absolutely. They're sitting in their chairs in their committee room. What you agreed was a legislative purpose and what you agreed was within their wheelhouse. And they are asking questions. And the fact that a witness – it seems to me that you put all this power in the witness that suddenly the legislative purpose disappears. Either if he does a blanket Fifth Amendment or if he sits in a chair and says, I invoke the Fifth Amendment, and then they ask a follow-up question. It disappears. Or they ask a sixth or a seventh or an eighth question. The legislative purpose disappears. That's how I understood your amendment here. Well, I think that the complaint alleges in great detail why this was a valid Fifth Amendment invocation and why it was understood by Congress. I don't mean by a valid one. A valid one is showing up and answering the questions. He would have answered, what's your name, without invoking the Fifth Amendment. He could have answered that question. He could have answered your employment. Tell us your employment history up to that point in time. Well, we would have to be very careful about not waiving, not getting to a point where there's a waiver. He could have answered that. Well, Judge Millett, I think when you're in a context where the whole purpose of the hearing. You're saying he couldn't answer anything. Of course, he could have answered things. I don't think that there's any serious contention by Congress that they have identified some such question that they needed to pose and that they wanted to pose in furtherance of an investigation. We think there is. We think there is. Identify the question. So I want to understand how this is going to work. So under your view, there's a legislative purpose. It's in the committee's wheelhouse. They're sitting in their committee room in Congress wanting to ask questions of a legitimate investigation. And your concern is that a lot of the questions are just going to be to get him to invoke the Fifth Amendment. I think everything that they ostensibly wanted to ask him for purposes of the investigation. How do you know that they ostensibly wanted to ask him? Do you have a list of their questions? We don't. No, we were denied any such jurisdictional discovery.  Or even for purposes of judicial inquiry, had to posit some such question. All right. So this is what I'm trying to get to. So your theory is we as a court, when this kind of argument is raised, have to tell the committee, well, give us your list of questions. Now, they don't have them. Senators will. Maybe they write them in advance. Maybe they don't. They can do it off the cuff. They can be like an oral argument and it changes as they go along. So I don't understand. We're supposed to pre-approve the questions that they want to ask? Because it might make you have to invoke the Fifth Amendment too many times? In the first instance, all we're asking the court to do is to reverse what we think was a precipitous and sweeping ruling of absolute speech in the Bay Clause community. The rest is left for the district court. And the first thing, of course, is who bears the burden? I don't understand that because you're saying that what happens is as soon as he invoked this blanket Fifth Amendment immunity, he did not have to show up at least less than until a court assigned off on the questions the senators were going to ask? By the way, there's also the option of ‑‑ Is that yes or no? That is not the ruling we seek for this court. That is not the ruling. We don't need to know the questions in advance. I think that there should be some ‑‑ You don't get to know the questions in advance. There should be some inquiry into whether there was some valid question that could be posed. It was expected to be posed. Would a reasonable committee in this position be expected to pose questions that would not run smack into the same well‑understood Fifth Amendment invocation? I'm sorry. Okay. And I think ‑‑ Wait, so they're not allowed to ask any questions that might trigger the Fifth Amendment? I don't think that their sole purpose in going after Dr. Delatory can be to shill and penalize the Fifth Amendment invocation. We don't look at that. Well, the sole function being served is simply to compel a witness to provide answers notwithstanding a valid Fifth Amendment invocation. I don't think that that proposition is controversial. Your evidence of that is? The evidence of that is the complaint, which is yet to be tested in any shape, size, or form, but has detailed allegations. You have to have a good faith factual basis that the sole purpose of the committee in having him there was solely to essentially beat up on his exercise of the Fifth Amendment. Judge Millett, that is what we've alleged. Right, right. And you do that. Do you have quotes from every member on the committee? We do not, but we have. In fact, you didn't even sue Rand Paul. So that's not true. That's not true that everybody on the committee was out to ask these questions that you're concerned about putting aside. It is true that we have not sued every single member of the committee at this time. We would stand for the proposition. Well, then he needs to show up before the committee. You can't show that. The question here is to the committee. And if the committee had a legislative purpose, you don't get to say that disappeared either when you invoked the Fifth Amendment or when one senator or two senators say something that you find disagreeable. That brings me back to where we started. I think it would follow from that reasoning that once there's a valid legislative purpose, Congress can do anything it wants to in furtherance of that, including to penalize the live indication of the Fifth Amendment in response to a specific question, which I think shows the overbreath of the district court's theory of the absolute immunity. I think that is the reason that this court should reverse. And all that would be required. They can't do anything. They can't torture the guy. They can't do a search there in the room. They can't use a compulsive subpoena and a threat of civil and criminal contempt to say that there has to be a price paid by a witness in this position. And if that's done in a way. Did they ever say we would pursue contempt if you showed up, answered what questions you could as to ones you couldn't, invoked the Fifth Amendment? Every indication is that that was their posture. And they were saying that he needed to answer. Those statements were made that he was a health care terrorist, that there needed to be a reckoning. Those statements were made. The entire committee put out these statements. Not the entire committee, but there were committee press releases, including those that alluded to his pending criminal investigations under the False Claims Act. So they can't do that. Well, I think that then they should understand when there's a Fifth Amendment invocation, that that is a valid Fifth Amendment invocation. And it should at least be incumbent upon the committee to carry a burden of showing that speech and debate immunity attaches. They were not respectfully required to do that by the district court. It was a pure legal ruling by the district court here. Burden of proof doesn't matter. The district court didn't treat it that way. It specifically addressed burden of proof and said that it would be incumbent upon Dr. De La Torre to bear the burden. That, too, is legal error. No harmless. Whatever it was, it would be completely harmless. You do agree if it's a pure legal ruling, there's no burden of proof. If it's harmless, it's harmless. I do agree with that. There's no burden of proof issue when there's a pure legal question of law. There's no facts to be brought forward. But that's where we go back to our earlier policy. We believe that we have pleaded in detail, plausibly, concretely. I didn't say it right. Taking the facts and the most favorable to you, you lose as a matter of law. Is there a burden of proof issue? I agree there would be harmless error in that posture. If it's harmless, there's just no burden of proof. Either way, I would say your articulation is fine by me. My submission is that we have alleged enough in the complaint to establish that there was a valid Fifth Amendment indication. And unless and until Congress can show that there was some legislative purpose to be achieved by having Dr. Tellatory appear, that is enough to say we don't have speech and debate clause. What is your best case for that being the inquiry at all or any of what we've talked about so far being relevant? Because there's a very straightforward read of a lot of cases that say when you have a core legislative act, votes, resolution, et cetera, immune. Do you have any example of a vote that was held to be not immune in a speech or debate immunity case? Judge Garcia, we do have obviously the Trump v. And that's one where you have congressional action, congressional subpoena that's reviewed and actually held to be invalid. That's holding the subpoena invalid. Everything you're saying right now would be great and maybe relevant arguments if this was an appeal in a criminal contempt prosecution or a civil contempt case. That's not what this is. Judge Garcia. Give you something specific to answer, as Judge Millett referenced. In Eastland, the argument was the only point of this subpoena is to infringe my First Amendment rights. And the Supreme Court's answer was not, well, you know, you aren't so right about your First Amendment. The answer was that doesn't matter. It's a subpoena and they have speech or debate immunity. So to hear it is a vote and presentation of a resolution. What's the difference? Well, I do submit that in Eastland, the premise was there's a valid legislative purpose that's being served. And the court specifically articulated why it's so concluded. And there are other cases like the Watkins case. It's a narrow inquiry into whether this is an appropriate realm of legislation. So let me ask a different way. The best the cases you cited in your brief, at least, were cases like Doe v. Millen and Kilbourne. Explain to me why those don't show exactly why you're wrong for the following reason. In each of those cases, there was a committee vote to do something. That was held immune. Then someone went out and did the thing, either arresting or publishing a report. And that was held not immune. You are suing over the first thing, the court legislative act, that is always held to be immune. Judge Garcia, I think we're not only suing over that. We are also suing over the contempt resolution and the follow-up efforts on that, which we seek to have declared invalid. And the subpoena. A vote. So the first thing, you disclaim the subpoena. The next thing that happened is a vote on contempt, which I could quote you language from five of our cases that say, of course, a vote on the floor is immune. And that would be true in Doe v. McMillen, even if it had no legislative purpose whatsoever. To be clear, I think in most of the speech and debate clause cases, it's a suit against the individual members in terms of damages and something that they have to be liable for. All we are seeking to take issue with is the official action that comes out of those. It's when the committee reports out and when it says that our client should be held in contempt. That is what occasions a lawsuit. And that is what the relief is driving. The fact that there was voting activity leading up to it, I don't think means that the outgrowth of any challenge to that. So a vote is a core legislative act, but presenting a resolution on the Senate floor is not a core legislative act? I think that it depends on whether it is in furtherance of a legislative function. If it is, and I don't deny that it is. Is it a legislative function to enforce a subpoena? Well, Judge Millett, this goes back to if Dr. Dellatorre. I would like an answer to that question. Is it a legislative function for a committee to try and enforce its subpoena? Whether it's, if it's a valid subpoena enforcement effort, yes, it is. If that legislative effort is solely to penalize. You know, that's the answer to the enforcement question when it gets to court. I'm asking you whether a committee's decision to enforce its subpoena is a legislative act. Apart from whatever the content of any hearing was going to be. To take the language of the Supreme Court in Watkins. If it's just a congressional power to expose for the sake of it. That's not what enforcing a subpoena is. We need respect for our subpoenas. Well, if the respect for the subpoena is in the nature of because we're entitled to answers to our questions, notwithstanding a valid Fifth Amendment invocation. My respectful submission, and I don't think it's especially controversial, is no. That is not for forcing it. I'm sorry, Judge Garcia. I just wanted to clarify that. So that's not a core legislative act because it is what the defendant would say in a circumstance where the defendants have not identified. Here is the here is how this is advancing a legislative function in the eyes of some reasonable legislator with great deference. If they haven't done that much, I don't think they've established their immunity. This is what I'm getting at. Why is that the question? Let me just read to you from Dovey McMillan. We might disagree whether it was necessary or even remotely useful to include the names of individual children in a committee report they voted to publicize. But that now I'm paraphrasing is entirely irrelevant. It does not matter whether there was a valid legislative purpose to including these children's names in this report. They are entirely immune from a suit against them. But that's the line it's drawing, Judge Garcia. Before that had left and gone outside of the committee, that's the line that McMillan draws. And then when that is disseminated publicly, when it becomes an official issuance from the committee, that is when the immunity does not necessarily attach. And throughout, the legislators themselves were entirely immune. The defendant who was not immune was the publisher. Just like in Kilmore, the defendant that was not immune was the sergeant at arms. For the very same thing, the vote to approve the sergeant at arms to go arrest the person, the legislators were immune. And I also point to this court's en banc decision in McShirley, where it basically says there can be exceptions to the immunity when a particular action has gone beyond the pale. And there is an equation between the agents of the members with the members themselves. I don't think that that is controversial. So I don't think saying, oh, it's the sergeant at arms or, oh, it's some publisher. I think one read of McShirley would be if the legislators themselves had gone out and searched this person's home, they would not be immune. The reason would not be the reason would be that's not a core legislative act. Well, I think that the reason it wouldn't be a core legislative act is because it's concededly extraneous to the investigation. And that's an issue that's very important to this court in McShirley. And the analog for that is to say if the questions that are going to be posed to Dr. Gelatory, if the efforts to enforce the subpoena are meant solely to chill and punish his exercise of the Fifth Amendment rights, and no good faith legislator could think that that's going to yield actual information and furtherance of the investigation, it is extraneous. It is anathema to constitutional rights. And it should be reviewable by a court. And all we're asking the court to hold here is that the immunity decision that issued at the very threshold with the plaintiff expected to bear the burden explicitly, that was an error. And the rest of this case, Your Honors, Judge Millett, I'm not seeing. Is that the discovery that you want, what questions were going to be asked? In the nature of what we were discussing, to identify. No, is that part of discovery? Not telling them to explain themselves. What questions were going to be asked? Is that part of your discovery? It does not need to be an exhaustive list. Is that part of discovery? Do you want that in discovery, yes or no? We would like to see questions that would be posed and would be expected to further the investigation without implicating the Fifth Amendment. I think that would be instructive for us and for the district court. Just to take your initial posing the question, I don't think it's an exhaustive list of all actual questions that Congress could pose and they couldn't go outside. All we're asking is show your good faith. Show that there was something that you meant to achieve other than penalizing the Fifth Amendment invocation. That could suffice. But we didn't get that far. We didn't get that far because under every reading of the complaint, under any possible set of facts, the district court concluded that speech and debate clause immunity necessarily attaches. And my submission stands, Your Honors. You would have exactly the same ruling even if Dr. Dellatore had appeared, had invoked his Fifth Amendment right in response to specific questions, and was still held in contempt solely to penalize the Fifth Amendment invocation. If Your Honors affirm the ruling that is before you, that would be no more reviewable than what you have now. I just want to understand this analogy or hypothetical. You're hypothesizing that if he had come and answered what questions he could and invoked the Fifth Amendment in response to others, and then if the committee tried to hold him in contempt for invoking the Fifth Amendment? Correct, Judge White. And I circle back to Judge Garcia and what we were discussing. Everything that you were identifying, Judge Garcia, about the legislators, about their votes, about where this activity was originating from, all of that would stand in the scenario that I was just discussing with Judge Millett. And I don't think that squares with the larger line of Supreme Court precedent and with the line that this court was drawing and enforcing immaturely. I think the ruling that you have, the view that you have of speech and debate immunity as it's before this court is too broad and based upon an incorrect premise as to who bears the burden. And I could go further, Judge Millett. I don't think that there is real argument about to the extent that there is a burden of proof here, that burden of proof is on the defendants who are invoking immunity. That's black letter law. And the district court simply got that wrong. I think it's an important enough case to correct that error, send it back to the district court, and see what happens once the burden is properly placed where it belongs on the defendants invoking the immunity. I know I've gone way well over my time, Judge Henderson. If there aren't further questions, I'd try to reserve a little bit of time for rebuttals.  Thank you.  May it please the court, Vivian Rivera on behalf of Senate appellees who were the defendants in the lower court. The district court properly dismissed Dr. Dilatore's lawsuit against the Senate committee and its members for lack of jurisdiction on speech or debate clause grounds. Now, specifically, Dr. Dilatore sued Senate defendants challenging the subpoena issued to him. That was count one of the complaint. The committee's ruling requiring his attendance at the hearing and the committee's voting to report a resolution for criminal contempt to the Senate, claiming these actions violated his constitutional rights. Under clear precedent of this circuit and of the Supreme Court, the district court correctly found that the committee's actions fall squarely within the legislative sphere. And that's our legislative acts for which Senate defendants are absolutely immune from suit. This court should affirm the dismissal. I do want to position that there was a valid legislative purpose for these votes and the resolution or that that is irrelevant. For purposes of this analysis, we don't believe legislative purpose is relevant in the analysis under the Gravel test. We don't think it's relevant, but there was a legislative purpose here. But we don't think it's relevant to the court's analysis on whether or not this is a legislative act. When you're looking at a legislative act, all of the acts challenged, you look at the conduct alleged stripped away of any characterizations of purpose, motive, intent. And so when looking at the acts challenged here, as your Honor referenced when opposing counsel was up here, these are core legislative acts. The act of issuing a subpoena, as Judge Millett referenced in the Eastland matter, core legislative act. The act of overruling procedural objections to those subpoenas necessarily fall under the subpoena investigative power of a committee and voting to report something in committee to the full Senate. There's clear precedent that those are all core legislative acts. Once an act is deemed to be a legislative act, the protections of the speaker debate absolute immunity are triggered, and those protections are absolute. Does the committee have any history of seeking contempt against someone for invoking the Fifth Amendment? Showing up, answering questions, invoking the Fifth Amendment? I believe there are a line of criminal contempt cases along those lines, Judge Millett. But our position on that is that if the witness had showed up, assuming your hypothetical that you raised with Mr. Schaffer when he was up here, assuming that Dr. DeLittore had shown up and had invoked the Fifth Amendment to all questions, and the committee held him in contempt for doing that. He does have a remedy at that point. He can stand on his objections, go into contempt, and raise his defenses in that proceeding. What he cannot do is what he did in this case, is sue a Senate committee and members of Congress for core legislative acts. That is not allowed. He has an opportunity to raise these issues and raise these defenses if a criminal proceeding is brought against him. If the Senate had acted on the civil enforcement resolution and a civil enforcement action had been brought against him, he would be able to raise arguments in that proceeding. But he cannot do so in an affirmative way suing members of Congress for core legislative acts as he did here. I think part of his concern is that he can't make you bring a civil contempt and he can't make the DOJ bring a criminal prosecution, and so he's sort of left without any way of clearing his name. Why isn't that something that should concern us? Your Honor, it's not that it doesn't concern us. It's a separation of powers issue here. The issue here is whether Congress can act independently without judicial interference or without the burdens of litigation or the perils of criminal prosecution. We recognize that there are cases the Supreme Court has recognized and this circuit has recognized the potential for abuse arising from the clause. But that is a tradeoff that the framers intended, made a conscious choice to protect and secure the independence of the legislative branch. So we recognize that potential, but that is the law in this circuit and that is the law, clear precedent of the Supreme Court. Can I ask just briefly?  Eastland does say that or suggests that there is some kind of narrow review of whether the general subject is an appropriate subject. Do you agree? You stood up and advanced one version of this that would just be if it's a core legislative act, categorically immunity applies. Do you think we also have to do this sort of narrow review that Eastland suggests? And how would you characterize what that inquiry is? Yes, in Eastland, the court did reference this narrow inquiry as to whether the investigation falls on a subject matter with legislation could be had. And I believe that that was surely met here in this case. I'm not exactly sure what. We're not disputing that we have to do that inquiry. You're just saying it's very different than asking if there was a specific legislative purpose to. Yes, Your Honor. Enforcing the subpoena. Yes, Your Honor. Can I ask you what? First of all, is there still a subpoena to enforce? There's a new Congress. I'm not quite sure how this works. Yes, Your Honor. There is. As far as the civil enforcement part of the case, that resolution lapsed at the end of the 118th Congress, which adjourned. We're now in the second session of the 119th Congress. So that is lapsed, and there's no – that is lapsed. So there's no subpoena. He's not under a subpoena anymore. Did you still define? I mean, I know he, in the past, defined one, but there's – is there – there's nothing pending. There's nothing pending. And as far as the criminal aspect of it, that is, committee action is complete. Senate action is complete. So as far as both of those actions, it's done. Senate and committee action is complete. And then what do we do with the change in personnel on the committee? You know, it seems like – I believe you all said to sort of substitute in the new ones in district court. District court didn't say anything. Our court did the substitution. Does that – does that rule, which is normally public officers, executive branch, where someone literally does just take a position, when new members come in, do they take the seat of somebody who used to be there, or? That is a great question. I'm trying to figure out how this works. Yes, no, that is a great question, Your Honor. And just to clarify, the district court sua sponte referenced Rule 25D and issued the substitution of the senators. It's our position where it's unclear how that rule necessarily applies to members of Congress for the reasons that Your Honor just referenced. It's unlike an executive branch official, like a secretary of state, who does, you know, step into the shoes of the prior secretary. Members of Congress are not in that way. So a new member who gets elected does not automatically take, for example, all the committee memberships that that prior member was in. So it's unclear the extent of how that rule applies here, but our position is that all the defendants here, whether it's the prior members of when this complaint was filed, or members as of this date, are all improperly named under speech or debate principles. Improperly or properly? Are improperly named. Should not be named as defendants given their absolute immunity under the speech or debate clause. Well, I'm just trying to figure out who should be the defendant. I mean, absolute immunity is a jurisdictional question. We do get to decide whether your absolute immunity exists or not. So we have to have a defendant here to do that. So should it just be the committee? Is that your view? We believe it, well. I'm not talking about the merits here I'm talking about. It's unclear. You've got to caption the case in some way. It's unclear, Your Honor, how that rule applies here. If, for purposes, it could be the Senate committee. Members, you know, make up that committee. So it's unclear. You don't have a position on what we're supposed to do? Who should be in the caption? I mean, you haven't moved to amend the caption or changed it in any way. Well, we moved to dismiss the claim against all the named defendants here, including the committee itself and all of the members. That's the judgment that you want, right? Yes. Okay. And the first thing you have to do is decide jurisdiction, and that's where your absolute immunity comes in. This is not a backdoor way of saying you don't get, or answering. I understand, Your Honor. That's not my question. You're saying you do get it or don't get it. Yes. Yes, I understand, Your Honor. I'm just trying to understand formally who the defendants are. Because you made standing arguments and other arguments as well. When we think about the arguments you're making, who's on the receiving end of an order, if we were to disagree with you on the absolute immunity? In that case, Your Honor, it would be the Senate committee itself. Okay. All right. Unless the court has any more questions. Thank you. We ask the court to affirm. Thank you. Thank you, Your Honors. Just to – I want to clarify one thing following up on that. Yes. So I think it was your statement of parties that your position is Senator Rand Paul should not be a defendant. He didn't vote in favor of the resolution. Should he or should he not be? We don't believe that he is. We have not named him as a defendant for that reason. Because of the way he voted or failed to vote? Correct.  And Ms. Rivera's submission is that there need be no indication of a valid legislative purpose. We simply disagree with that, Judge Garcia. And I think that this court's precedent, and together with Supreme Court precedent, does say the inquiry is narrow, yes, but it's also essential. The Brewster case too is one where there was a legislator who is charged with bribery for the official act that was taken, and the Supreme Court did not have difficulty saying there's such a thing as what is on the face of it, a valid legislative act, that's motivated by a bad motive. And therefore, beyond the meaning – There was a lot of hoops explaining why he was not being held to have – that the act was his separate agreement, not the vote, which doesn't exactly help you. I think in the Watkins case too, I think in the McShirley case, we've seen case after case after case that says the immunity should not be placed at war with some other constitutional provision. And our submission is that's what you have in this case. And Eastland said the opposite. Well, Judge Millett said the opposite when the court was satisfied that you had a valid legislative act and something in furtherance of it. My only submission to the court that takes issue with that premise is not that there was a valid legislative act. It's the fact that there is some valid investigation does not mean everything done under auspices of that investigation is per force immune. There should be some showing of bona fides. There should be some showing that you actually have an act in furtherance of that valid investigation, and that will suffice to establish the immunity. But unless and until that is shown, Your Honors, you have a complaint that should be adjudicated. And I think that otherwise there's room for real abuse and I think precedent being as well as principle being sacrificed because courts have drawn lines and said here's an instance where Congress has trespassed outside of just what's happening on the floor in terms of speech and debate. It's doing something official and it's doing something that is violating some other constitutional provision. We think we have that. When you have the contempt resolution, when you have efforts to make Dr. Dellatore pay a price for what I think the complaint establishes and the facts will establish was a valid Fifth Amendment invocation that was understood by Congress as such. And if the sole purpose here was to penalize and chill exercise of the Fifth Amendment, that's something that the court should be able to do something about. That's what we've alleged. That's what the district court has said can't possibly be decided because you necessarily have an immunity without knowing it anymore. We think that's wrong. We think it's wrong starting with the burden allocation and that would be basis in and of itself for the court to reverse. And I think from there we would establish that there is a Fifth Amendment violation and something that goes beyond the scope of the evening. Thank you, Your Honors. Thank you. We'll take a brief recess while the courtroom is closed.
judges: Henderson; Millett; Garcia